United States District Court
Southern District of Texas
**ENTERED**
January 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MIGUEL A. VALADEZ<br>　　Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | MISC. NO. 7:20-mc-1220 |
| STEVEN WHIPPLE,<br>　　DEA Special Agent, *et al.*,<br>　　　　Defendants. | §<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION

Plaintiff Miguel A. Valadez has filed a complaint alleging violations of his civil rights. (Dkt. No. 1-2.) He has also filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 1) and a motion for a temporary restraining order (Dkt. No. 1-1.) Because Plaintiff seeks to bring this civil action without prepayment of the filing fee, the court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

This case has been referred to the undersigned for pretrial management pursuant to 28 U.S.C. § 636(b). After carefully considering the pleadings, the record, and the applicable law, the undersigned recommends that Plaintiff's application to proceed *in forma pauperis* be denied, that his request for a temporary restraining order be denied, and that his complaint be dismissed with prejudice as frivolous and/or for failure to state a claim.

### I. BACKGROUND

On December 4, 2020, Plaintiff filed a complaint alleging violations of his civil rights. (Dkt. No. 1-2.) He names two defendants: (1) Steven Whipple, the Drug Enforcement

1

Administration ("DEA") special-agent-in-charge in Houston; and (2) "Tenant C," the unknown individual who resides at 2017 Ash Circle, Edinburg, Texas 78539, and who is apparently Plaintiff's next-door neighbor. (*See id.* at 6.) Plaintiff asserts that he is a victim of "electrical harassment" perpetrated by the DEA. According to Plaintiff:

> I . . . am a victim of Electrical Harassment in form of Torturing by – Electrical energy running through my body and burning me on my skin, and electrical energy running through inside my body that is causing internal damage, to my muscle tissue and kidneys, sleep deprivation, high frequency tones in my bedroom and kitchen), Gang Stalking, Physical, Mental, Emotional, and Psychological Torture.

(*Id.* at 1.) Plaintiff claims that individuals from the DEA come onto his roof and enter his attic via Tenant C's yard. (*See id.*) These individuals then stay in his attic "24/7, shift after shift" and use "Direct Energy Weapons that penetrate through walls and ceilings." (*Id.*) Plaintiff claims that this "Direct Energy Weapon" is a form of "physical torture" that inflicts injury to his body and internal organs. (*Id.* at 2.) Plaintiff also asserts that the DEA is violating his civil rights "by Gang Stalking by using a large network of citizens to spy on me everywhere I go." (*Id.*)

Plaintiff seeks $2 million in damages and for the "electronic harassment" to stop. (*Id.* at 8.) Plaintiff has submitted what he states are photographs that show the "physical abuse" of his body, as well as numerous video recordings, including recordings of his attic, Plaintiff brushing his teeth, and of a ceiling. (*See id.* at 9; Dkt. No. 2; Dkt. Entry dated 12/7/2020.)

## II.   STANDARD OF REVIEW

As previously noted, because Plaintiff seeks to bring this civil action without prepayment of the filing fee, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). In that regard, the court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is frivolous if it

2

lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 219, 325, 328 (1989)).

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407. Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

Finally, in reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke,* 490 U.S. at 327; *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. DISCUSSION

The undersigned has reviewed the pleadings and other evidence submitted by Plaintiff and concludes that the allegations contained in Plaintiff's complaint qualify as "fanciful," "fantastic," and "delusional." Plaintiff does not present a logical set of facts to support any claim for relief. Although these allegations may be real to Plaintiff, a reasonable person would find them to be so delusional as to be wholly incredible. *See, e.g., Flores v. U.S. Att'y Gen.,* 434 F. App'x 387, 388 (5th Cir. 2011) (affirming dismissal of case as frivolous when plaintiff alleged that government employees were "using advanced technology with a direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner . . . different types of genetic virus[es] that cause severe pain which was equivalent in intensity to organ failure, brain damage, impairment of body function, and death"); *Kolocotronis v. Club of Rome,* 109 F.3d 767, 1997 WL 115260, at *1 (5th Cir. 1997) (per curiam) (affirming dismissal of case as frivolous when plaintiff alleged that there was a government plot to spread the AIDS virus throughout the world); *Daniel v. FBI,* No. 3:03-cv-1281-N, 2003 WL 21436479 (N.D. Tex. June 17, 2003) (affirming dismissal under § 1915(e)(2) when plaintiff claimed that the FBI was intimidating and harassing her, including "product tampering, interstate stalking, [and] recruiting others to harass Plaintiff"), *report and recommendation adopted by,* 2003 WL 21555130 (N.D. Tex. July 8, 2003). Accordingly, the undersigned concludes that this case is subject to dismissal as factually frivolous. *See Denton,* 504 U.S. at 32–33 (stating that a complaint may be dismissed as factually frivolous if

it fits within the "category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional'") (quoting *Neitzke*, 490 U.S. at 328); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (citations and internal quotation marks omitted); *Apple v Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (noting that summary dismissal is appropriate if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion.").

Moreover, the complaint fails to state a claim as a matter of law. To establish liability under 42 U.S.C. § 1983, a civil-rights plaintiff must "show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law."[1] *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005) (citations omitted). Plaintiff's allegations are so "far-fetched" that they do not even set forth a cognizable civil-rights claim. Because Plaintiff does not articulate a constitutional violation, the undersigned recommends that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) for this additional reason.

Finally, it is for these same reasons that the undersigned recommends that Plaintiff's request to proceed *in forma pauperis* and for a temporary restraining order be denied. To obtain a temporary restraining order, a plaintiff must establish (1) a substantial likelihood of success on the

---

[1] It is not clear whether Plaintiff intended to file suit under 42 U.S.C. § 1983, which provides a vehicle for a claim against a state official for a constitutional violation, or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a vehicle for a claim against a federal government official for a constitutional violation in certain, narrow circumstances. Nonetheless, to state a valid cause of action under *Bivens*, a plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *See Bivens*, 403 U.S. at 395–97.

merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Turner v. Epps*, 460 F. App'x 322, 325 n.3 (5th Cir. 2012) (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)). As discussed above, Plaintiff has failed to set forth a substantial likelihood of prevailing on the merits of his claims and therefore is not entitled to a temporary restraining order.

### IV.　CONCLUSION

#### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 1) be **DENIED**, that the motion for a temporary restraining order (Dkt. No. 1-1.) be **DENIED**, and that Plaintiff's action be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915(e).

#### *Notice to the Parties*

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**DONE** at McAllen, Texas, this 12th day of January, 2021.

Juan F. Alanis
United States Magistrate Judge